IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RAYMOND CLARKE,** ) | |
| Plaintiff, ) | Civil Action No. 7:07CV00018 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **U.S.P. LEE COUNTY, et al.,** ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Raymond Clarke, a federal inmate proceeding pro se, filed this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] Having reviewed the complaint, the court concludes that it must be dismissed as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1),[2] because Clarke's claims are barred by the applicable statute of limitations.

## Background

Clarke is presently incarcerated at a federal penitentiary in Louisiana. However, the events giving rise to this action occurred while Clarke was incarcerated at United States Penitentiary (U.S.P.) - Lee in Jonesville, Virginia.

Clarke alleges that while he was sleeping on January 17, 2004, he fell from the top level of the bunk bed that he shared with another inmate. As a result of the fall, Clarke suffered injuries to his mouth, jaw, and body. Clarke was subsequently examined by Dr. Roff in the prison health unit. Dr. Roff advised Clarke that he needed stitches in an area near his mouth. Dr. Roff also advised

---

[1] Clarke also cites 42 U.S.C. § 1983. However, § 1983 only provides a cause of action against state officials. See District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973).

[2] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Clarke that he had a few other minor injuries, including an injury to his arm. Clarke alleges that although he asked Dr. Roff to perform x-rays, the doctor determined that x-rays were not necessary. On January 23, 2004, Clarke returned to the prison health unit to have his stitches removed. At that time, he asked Dr. Jesus to perform x-rays because he was still experiencing pain in his face and body. However, Dr. Jesus also determined that x-rays were not necessary.

X-rays were ultimately performed by other medical personnel on February 5, 2004. The x-rays revealed that one of Clarke's teeth was "pushed up through the bone of his jaw and into his sinus area." Clarke subsequently underwent surgery on February 12, 2004.

Clarke also alleges that both Dr. Roff and Dr. Jesus refused to issue him a permanent lower bunk pass. Consequently, on several nights in January of 2004, Clarke was forced to have his cell mate tie him down to his bed with a sheet, because he feared that could have fallen out of the bed again.

Clarke executed the instant complaint on December 18, 2006. Clarke alleges that the former warden of U.S.P. - Lee, B.G. Compton, acted with deliberate indifference to his safety by having him sleep on the top level of a bunk bed without any safety railings. Clarke further alleges that he received constitutionally inadequate medical care from Dr. Jesus and Dr. Roff, and that both doctors acted with deliberate indifference to his safety by refusing to issue a permanent lower bunk pass.

## Discussion

The statute of limitations for civil rights actions under Bivens is borrowed from the personal injury statute of limitations from the state in which the alleged injury occurred. Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983); Mosteller v. Smith, 751 F. Supp. 1200, 1203 (E.D. Va. 1990). In Virginia, the applicable limitations period is two years from the date the cause of action accrues. See Va. Code Ann. § 8.01-243(A). The cause of action accrues and the statute of limitations begins

running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995).

Having reviewed the allegations in this case, the court concludes that Clarke's claims accrued in January and February of 2004. Because he did not execute the instant complaint until December 18, 2006, his claims are barred by the two-year statute of limitations and must be dismissed as frivolous. See Todd v. Baskerville, 712 F.2d 70, 74 (1983) (affirming the dismissal of an action as frivolous under the former version of 28 U.S.C. § 1915(d), where the action appeared on its face to be barred by the statute of limitations).

## Conclusion

For the reasons stated, the court will dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of January, 2007.

*[signature]*
United States District Judge